11-4336
Elizondo-Badilla v. Holder

BIA
Verrillo, IJ
A089 082 036

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand thirteen.

PRESENT:
        ROBERT D. SACK,
        RICHARD C. WESLEY,
        RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

ALBERTO ELIZONDO-BADILLA, AKA ALBERTO ELIZONDOLBADILLA, AKA ALBERTO ELIZONDO, AKA ALBERTO BADILLA PIEDRA, AKA ALBERTO ELIZONDO BRENES,

               *Petitioner,*

      v.                    11-4336
                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

               *Respondent.*

_____

**FOR PETITIONER:**      Elyssa N. Williams, Formica Williams, P.C., New Haven, CT.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Carl H. McIntyre, Assistant Director; John J. W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Alberto Elizondo-Badilla, a native and citizen of Costa Rica, seeks review of a September 21, 2011, order of the BIA affirming the Immigration Judge's April 9, 2010, decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Alberto Elizondo-Badilla*, No. A089 082 036 (B.I.A. Sep. 21, 2011), *aff'g* No. 089 082 036 (Immig. Ct. Hartford Apr. 9, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Elizondo-Badilla does not challenge the agency's pretermission of his asylum application as untimely. Accordingly, we address only the agency's conclusion that Elizondo-Badilla did not establish his eligibility for withholding of removal or CAT relief. To establish eligibility for withholding of removal or CAT relief, an applicant must establish that it is more likely than not that, if he is returned, his "life or freedom would be threatened," 8 C.F.R. § 1208.16(b)(1) (withholding), or he would be tortured, *id.* § 1208.16(c) (CAT relief).

Elizondo-Badilla argues that he suffered past persecution in Costa Rica, which would create a regulatory presumption that he faced future harm. *See id.* § 1208.16(b)(1). However, the IJ reasonably concluded that Elizondo-Badilla did not suffer past persecution because the only harm he suffered consisted of unfulfilled threats. *See Gui Ci Pan v. U.S. Att'y Gen.*, 449 F.3d 408, 412 (2d Cir. 2006) (per curiam) (noting that courts have rejected the argument that unfulfilled threats constitute persecution).

3

While the threats were not past persecution, they were relevant to what might happen to Elizondo-Badilla if he returned to Costa Rica. However, substantial evidence supports the IJ's conclusion that despite the past threats, Elizondo-Badilla did not establish that it was more likely than not that he would be harmed if he returned to Costa Rica. As the IJ noted, Elizondo-Badilla was never harmed in Costa Rica during the period he received the threats, nor were members of his family who remain in Costa Rica. Thus, the IJ reasonably concluded that it was unlikely that Elizondo-Badilla would be harmed if he returned to Costa Rica several years after he was first threatened.

Because the record supports the IJ's conclusion that Elizondo-Badilla did not establish that he would be harmed, it is not necessary to address his challenge to the IJ and BIA's findings that he did not establish his eligibility for withholding because he failed to demonstrate the necessary nexus between any harm he might suffer and a protected ground.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk